UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ERIC MEYER,

    Plaintiff,

v.

WORLD BANK,

    Defendant.

Case No. 18-cv-07703-JD

**ORDER OF DISMISSAL**

Re: Dkt. No. 3

Plaintiff, a patient at a mental health facility in Illinois, has filed a pro se civil rights complaint under 42 U.S.C. § 1983.

**DISCUSSION**

**STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above

the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. The United States Supreme Court has explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**LEGAL CLAIMS**

Plaintiff names many defendants including the World Bank, the International Monetary Fund, several Supreme Court Justices and former President Obama. He argues that defendants are responsible for high taxes and for his abuse at a state hospital. Plaintiff's allegations are frivolous and fail to state a claim under 42 U.S.C. § 1983. Because no amount of amendment would cure the deficiencies of the complaint, this action is dismissed without leave to amend.

**CONCLUSION**

1. The complaint is **DISMISSED** with prejudice as frivolous and for failure to state a claim. The motion to proceed in forma pauperis is **DENIED**.

2. The Clerk shall close this case.

**IT IS SO ORDERED.**

Dated: January 31, 2019

JAMES DONATO
United States District Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ERIC MEYER,

    Plaintiff,

v.

WORLD BANK,

    Defendant.

Case No. 18-cv-07703-JD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on January 31, 2019, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Eric Meyer ID: A-North
Chicago Read Mental Health Center
4200 N. Oak Park
Chicago, IL 60634

Dated: January 31, 2019

Susan Y. Soong
Clerk, United States District Court

By: *[signature]*
LISA R. CLARK, Deputy Clerk to the
Honorable JAMES DONATO